UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION FOR HOMECARE; and ACE DRUG, INC., dba HOLLYWOOD MEDICAL SUPPLY,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL O. LEAVITT in his official capacity as Secretary of the Department of Health and Human Services, and KERRY M. WEEMS, in his official capacity as Acting Administrator for the Centers for Medicare & Medicaid Services,<br><br>    Defendants. | Civil Action No. 08-992 (RMU) |

## ANSWER

Defendants Michael O. Leavitt in his official capacity as Secretary of the Department of Health and Human Services, and Kerry M. Weems in his official capacity as Acting Administrator for the Centers for Medicare & Medicaid Services, hereby answer plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Using the same numbering as the Complaint, defendants answer the numbered paragraphs of the Complaint as follows:

1. This paragraph contains plaintiffs' characterizations of this action and conclusions of law, to which no response is required. To the extent a response is deemed necessary, the allegations of this paragraph are denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Admitted, except to aver that defendants lack knowledge or information sufficient to form a belief as to equipment and services in which Ace Drug specializes.

4-5. Admitted.

6. This paragraph contains conclusions of law and not allegations of fact and thus no answer is required. To the extent an answer is deemed necessary, the allegations of this paragraph are denied.

7. This paragraph contains conclusions of law and not allegations of fact and thus no answer is required. To the extent an answer is deemed necessary, the allegations of this paragraph are denied.

8-10. These paragraphs contain plaintiffs' characterizations of the Medicare program, statutory provisions, and an AA press release. The defendants deny any such characterizations and respectfully refer the court to the cited materials for a full and complete description of their contents.

11. This paragraph contains plaintiffs' characterizations of the Medicare statute and legislative history. The defendants deny any such characterization and refer the court to the cited provisions for a full and accurate statement of their content.

12-13. These paragraphs contain conclusions of law and plaintiffs' characterizations of a

Federal Register and a House Report and thus no response is required. To the extent a response is deemed necessary, defendants deny any such characterizations and refer the court to the cited provisions for a complete and accurate description of their contents.

14-22. These paragraphs contain conclusions of law and plaintiffs' characterizations of statutory provisions, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterizations and respectfully refer the court to the cited provisions for a complete and accurate description of their contents. By way of further answer, defendants admit that the statutory language quoted in paragraphs 15, 16, 17, 18, 20, 21, and 22 appear in the statutes.

23-25. These paragraphs contain conclusions of law and plaintiffs' characterizations of statutory provisions, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterizations and respectfully refer the court to the cited provisions for a complete and accurate statement of their contents. By way of further answer, defendants admit that the statutory language quoted in paragraph 23 appears in the statute.

26. The first sentence contains plaintiffs' characterization of regulations, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and respectfully refer the court to the cited provision for a complete and accurate statement of its contents. The second and third sentences contain conclusions of law and plaintiffs' characterizations of a statute, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and respectfully refer the court to the cited provisions for a complete and accurate statement of their contents.

27. This paragraph contains conclusions of law and plaintiffs' characterizations of

regulations, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and respectfully refer the court to the cited provisions for a complete and accurate statement of their contents.

28. Admitted.

29. This paragraph contains plaintiffs characterization of a Federal Register publication. Defendants deny any such characterization and respectfully refer the court to the cited provision for a complete and accurate statement of its contents.

30. Admitted.

31. This paragraph contain plaintiffs' characterizations of Federal Register documents, Defendants deny any such characterization and respectfully refer the court to the cited provision for a full and accurate statement of its contents.

32-34. The allegations of these paragraphs are denied.

35-37. These paragraphs contain plaintiffs' characterizations of regulations and Federal Register documents, to which no response is required. To the extent a response is deemend necessary, defendants deny any such characterizations and respectfully refer the court to the cited provisions for a complete and accurate statement of their contents.

38-39. The allegations of these paragraphs are denied.

40. This paragraph contains plaintiffs' characterizations of regulations and a Federal Register document, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for complete and accurate statement of its contents.

41-44. Admitted.

45. Deny, except to admit that the request for bid instructions included a list of financial documents to be provided.

46. Admit the first sentence. The second sentence contains plaintiffs' characterizations of a CMS document, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited document for a complete and accurate statement of its contents.

47. The allegations of this paragraph are denied.

48. Admitted.

49. The allegations of this paragraph are denied.

50. This paragraph contains conclusions of law and plaintiffs' characterizations of a statute, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for complete and accurate statement of its contents.

51. Admit the first sentence. The second sentence contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for complete and accurate statement of its contents.

52. Admitted.

53. Admit the first two sentences, except to aver that defendants lack knowledge or information sufficient to form a belief as to Ace Drug's future intent. The third sentence contains conclusions of law, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for

complete and accurate statement of its contents.

54-59.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

60-61.   The allegations of these paragraphs are denied.

62.   This paragraph contains conclusions of law, to which no response is required.  To the extent a response is deemed necessary, the allegations of this paragraph are denied.

**Count I**

63.   Defendants incorporate by reference the responses to paragraphs 1 through 62 above.

64-65.   These paragraphs contain conclusions of law and plaintiffs' characterizations of the statute, to which no response is required.  To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for a complete and accurate statement of its contents.

66.   This paragraph contains conclusions of law, to which no response is required.  To the extent a response is deemed necessary, the allegations of this paragraph are denied.

67.   This paragraph contains conclusions of law and plaintiffs' characterizations of the statute, to which no response is required.  Defendants deny any such characterization and respectfully refer the court to the cited provision for a complete and accurate statement of its contents.

68-74.   Denied.

75-76.   These paragraphs contain conclusions of law and not allegations of fact and thus no response is required.  To the extent a response is deemed necessary, the allegations of these pargraphs are denied.

77. Denied.

78. This paragraph contains conclusions of law and not allegations of fact and thus no response is required. To the extent a response is required the allegations of this paragraph are denied.

**Count II**

79. Defendants incorporate by reference the responses to paragraphs 1 through 62 above.

80. This paragraph contains conclusions of law and plaintiffs' characterizations of a statute, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for a complete and accurate statement of its contents.

81. This paragraph contains conclusions of law and plaintiffs' characterizations of regulations and Federal Register documents, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provisions for a complete and accurate statement of their contents

82. This paragraph contains conclusions of law and plaintiffs' characterizations of a statute, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provision for a complete and accurate statement of its contents.

83-86. Denied.

87. This paragraph contains conclusions of law and plaintiffs' characterization of statutes, to which no response is required. To the extent a response is deemed necessary, defendants deny any such characterization and refer the court to the cited provisions for a

complete and accurate statement of their contents

    88-90. Denied.

    91. The allegations of the first sentence are denied. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

    92. Denied.

    93 -94. This paragraph contains conclusions of law and not allegations of fact to which an answer is required. To the extent an answer is deemed necessary, deny.

    95. Denied.

    96. This paragraph contains conclusions of law and not allegations of fact and thus no response is required. To the extent a response is required, the allegations of this paragraph are denied.

Defendants specifically deny all allegations in the Complaint not otherwise answered or qualified herein. In addition, defendants deny that plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

    WHEREFORE, defendants request that plaintiffs' Prayer for Relief be denied, that this action be dismissed with prejudice, and that defendants be awarded costs and such other relief as may be appropriate.

Dated: June 19, 2008                        Respectfully submitted,

                                                             GREGORY G. KATSAS

Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
SHEILA LIEBER
Deputy Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel.  (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Federal Defendant*s